WILLIAM KEUFFEL ET AL., PROSECUTORS, v. MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN ET AL.

Submitted July 12, 1904—Decided November 14, 1904.

Where real estate was conveyed to a city as a donation for the purposes of a free public library, with the condition that the city should raise the remainder of an amount necessary to erect buildings upon the same, and such buildings were erected with money raised by the issuance of bonds, by virtue of the act of 1884 (*Gen. Stat.*, p. 1950), and its supplement of 1895 (*Gen. Stat.*, p. 1953), the title to the property should stand in the name of the city with its use and control in the board of trustees of the free public library. A resolution of the common council directing that the title to such property shall be conveyed to the said board of trustees is illegal.

On *certiorari.*

Before Justices FORT and REED.

For the prosecutors, *Black & Drayton.*

For the defendants, *James F. Minturn.*

The opinion of the court was delivered by

REED, J. This writ brings up a resolution of the common council of Hoboken, by which the corporation attorney of that city is directed to have a deed executed conveying to the trustees of the free public library of the city of Hoboken the title to the free public library property mentioned in a communication from the corporation attorney to the common council.

The resolution is attacked upon the ground that the common council had no power to transfer the title to this property to the board of trustees of the free public library, inasmuch as the city itself was the appropriate custodian of the title.

The facts seem to be these: On March 26th, 1895, Richard Stevens, on behalf of himself, Mrs. M. R. Stevens and Mrs. John Stevens, wrote to Mr. Russ, as chairman of the committee on sites for free public library, announcing their willingness to give $26,000 towards the erection of a free public library building by the free library trustees of the city of Hoboken, providing that accommodation, at the same time, be given for the proper accommodation of the industrial education department of the city, and providing that the city should raise the balance of the amount necessary to erect such buildings as might meet the approval of the donors; also providing that the deed of conveyance should contain such restrictions as would insure the accomplishment of the said object, and also that the site should be selected by the library trustees. This offer was accepted by the board of trustees of the free public library.

On January 7th, 1896, Mrs. M. R. Stevens made a deed of a site of land to the mayor and common council of Hoboken, for which site she paid $17,719.40; the difference between this sum and the $26,000, the amount of her donation, namely, $8,280.60, was paid to the board of trustees of the free public library. The building upon the site was erected at a cost of $60,280.60, and the difference between this sum and the $8,280.60 was raised by the issue of city bonds. These bonds seem to have been issued upon the certificate of the board of trustees of the amount necessary for the purpose of building the structure, under the provisions of the supplement to the act of 1884 (*Gen. Stat., p.* 1950), which supplement was passed March 21st, 1895. *Gen. Stat., p.* 1953. This supplement provides that the title of real estate purchased under its provisions shall be taken in the name of the city, and the use and control of the same shall be in the board of trustees of the free public library so long as it shall be used for library purposes.

The policy of the act is to have the legal title in the municipality, while its use, so long as the purpose for which it is intended exists, shall be confided to the board of trustees.

The board of trustees is constituted a branch of the city government, to which is confided the use and care of this property for a specific governmental purpose. Whether the city had power to issue bonds, under that act, to pay for a building to be used as an industrial scheme may be the subject of a query, but the fact that a portion of the building was built for and devoted to that use adds nothing to the right of the trustees of the library to have a conveyance of the title of the property.

We conclude that the resolution was a municipal act, in contravention of the statute, and should be annulled.